# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JAMES WRIGHT,
ADC # 142769                                                                                           PLAINTIFF

v.                                              1:16-cv-00008-JLH-JJV

HUBBARD, Disciplinary Hearing Officer,
Grimes Unit; et al.                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, James Wright, is an inmate in the Arkansas Department of Correction (ADC) Varner Unit. He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging Defendant Hubbard violated his constitutional rights. Specifically, Plaintiff argues he was not allowed to be present for his disciplinary hearing in violation of his due process rights. (*Id.*)

Defendant filed a Motion For Summary Judgment (Doc. No. 14) asserting he is entitled to summary judgment as a matter of law. Plaintiff filed a Response (Doc. No. 17) and Defendant replied (Doc. No. 18). After careful consideration of the pleadings in this case, for the following reasons, I find Defendant's Motion for Summary should be GRANTED.

**I.    SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986); *Janis v. Bresheuvel*, 428 F.3d 795, 798-99 (8th

Cir. 2005). Although the evidence is viewed in a light most favorable to the nonmoving party, *Nooner v. Norris*, 594 F.3d 592, 600 (8th Cir. 2010), the non-moving party has the burden of going beyond the pleadings and, by affidavit or otherwise, producing specific facts that show that there is a genuine issue for trial. *Janis*, 428 F.3d at 799. A genuine issue of fact exists if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material when it might affect the outcome of the case. *Rakes v. Life Investors Ins. Co. of Am.*, 582 F.3d 886, 894 (8th Cir. 2009).

**II.      UNDISPUTED FACTS**

On April 10, 2015, while Plaintiff was housed at the Grimes Unit of ADC, he was charged with a disciplinary infraction for refusing to obey an order. (Doc. No. 14-3.) Plaintiff was accused of refusing to obey a correctional officer's order to remove his arm from the slot in his cell door through which food trays are placed. (*Id.*) Later that same day, Plaintiff was charged with two other offenses. (Doc. No. 14-4.) Prison officials charged him with using thread from his underwear to make a "fishing line" to communicate with other nearby inmates and spitting on a correctional officer. (*Id.*)

Disciplinary hearings for all three offenses were held on April 20, 2015. At this time, Plaintiff had been placed on behavior control for other misconduct and was not present for the hearings. (Doc. No. 14-2 at 2.) With regard to his attendance at the hearing, Plaintiff says "Mr. Hubbard filed hearing waivers in my name for these DR's causing me to be convicted of both disciplinaries without giving me the right to be heard." (Doc. No. 2 at 4.) Plaintiff states, "Due to Mr. Hubbard's actions he violated my rights to due process by denying me

the right to hear and be heard and in order to hear and be heard I'd have to be present at the hearing." (*Id.* at 5.)

Plaintiff was found guilty of all three charges. On appeal, the first disciplinary was reversed by the warden and the other two convictions were upheld. (*Id.* at 2-3.)

**III.   ANALYSIS**

A.  Due Process

Plaintiff alleges he was denied procedural due process when he was not allowed to be present for his disciplinary hearings. Plaintiff raises a colorable argument *from a practical standpoint*. The rules state Mr. Wright is allowed to be heard in his defense and this did not happen. But unfortunately for Plaintiff, he has no constitutional protections here.

Procedural due process[1] is implicated only in government decisions "which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Therefore, Plaintiff must show (1) he has a constitutionally protected liberty or property interest, and (2) that Defendant deprived him of that interest without constitutionally adequate process. *Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 817 (8th Cir.2011); *see also Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir.2013) ("procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally 'due'"). Without showing a

---

[1] ADC's disciplinary rules do not create any liberty interest. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Kennedy*, 100 F.3d at 643; *Munson v. Ark. Dep't of Corr.*, 375 Ark. 549, 551, 294 S.W.3d 409, 411 (Ark. 2009).

protected liberty or property interest, an individual is not entitled to any process. *See Senty–Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir.2006) (courts will not consider what process is due unless first the plaintiff shows he has a protected liberty or property interest).

The ADC's disciplinary rules do not create any liberty interest. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Kennedy*, 100 F.3d at 643; *Munson v. Ark. Dep't of Corr.*, 375 Ark. 549, 551, 294 S.W.3d 409, 411 (Ark. 2009). And Mr. Wright has no constitutionally protected liberty interest in his conditions of his confinement unless those conditions impose an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In other words, unless a prisoner's disciplinary sentence is extraordinarily long or unusually harsh, there can be no atypical and significant hardship sufficient to implicate due process protections. *Portley–El v. Brill*, 288 F.3d 1063, 1065 (8th Cir.2002) ("We have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*."). This is true even if the sentence is imposed without cause. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir.2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.")

Here, Plaintiff received sixty days restriction from commissary, use of the telephone and visitation, as well as thirty days of punitive isolation and $1.92 in restitution for the underwear. (Doc. No. 14-7 at 2.) Plaintiff's punishment simply does not implicate constitutional due process protections. *See e.g. Sandin*, 515 U.S. at 486 (thirty days in disciplinary segregation not atypical hardship); *Portley-El*, 288 F.3d at 1065-66 (thirty days

5

in punitive segregation not an atypical and significant hardship); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (demotion from administrative segregation to thirty days punitive isolation was not an atypical and significant hardship).

Accordingly, I find Plaintiff's disciplinary conviction did not deprive him of a protected liberty interest and Defendant is entitled to summary judgment as a matter of law on Plaintiff's due process claim.

B. Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also*

*Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] A defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services,* 583 F.3d 522, 528 (8th cir. 2009). Based on my conclusion there is no violation of any constitutional or statutory right, I find Defendant Hubbard is also entitled to qualified immunity.

C. *Heck* Bar

Plaintiff would likely not be *Heck* barred with regard to the disciplinary that was dismissed. And based on my previous findings, I believe it is not necessary to address this argument.

**IV.    CONCLUSION**

After careful review of the parties' competing Motions for Summary Judgment, I find there are no genuine issues of material fact to be tried and Defendant Hubbard is entitled to summary judgment as a matter of law.

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 14) be GRANTED.

2. Plaintiff's Complaint (Doc. No. 2) should be DISMISSED with prejudice.

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting these recommendations, and the accompanying

---

[2] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

judgment, would not be taken in good faith.

DATED this 15th day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE